UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21156-CIV-ALTONAGA/BROWN

HERNAN M. SAUCEDO, JOSE LUIS GARION,
IGNACIO MESA, and all others similarly situated
under 29 U.S.C. 216(B),

    Plaintiffs,
v.

PHOENIX AUTO SALES, INC., ROBERT NORRIS,
and LORI C. NORRIS,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants, Phoenix Auto Sales, Inc., Robert Norris, and Lori C. Norris ("Defendants"), through their undersigned attorneys, file this Motion for Protective Order, and state as follows:

### BACKGROUND

The Plaintiffs filed a Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) for alleged overtime violations, and claim for minimum wage under Florida's Constitution. The Complaint sets forth substantive counts pursuant to § 207 of the Fair Labor Standards Act ("FLSA") against the Defendants, and also the claim under the Florida Constitution. Plaintiffs seek back wages, liquidated damages, prejudgment interest, attorneys' fees, and litigation expenses. (*See generally, Complaint*). The Plaintiffs have now unilaterally set depositions outside the discovery period (for November 17, 2008).

The Plaintiffs recently filed a Motion to Enlarge Discovery for the second time. The Plaintiffs' previous Motion [D.E. 29] was denied, and the recent Motion to Enlarge should be denied as well (it is currently pending before the Court). Moreover, the parties were just at a

hearing before Magistrate Judge Brown, who (while Defendants do not have a transcript of that hearing) specifically stated that there were not going to be any extensions of the discovery period in this case. In fact, magistrate Judge Brown repeatedly pleaded that the parties agree to consent to Magistrate Judge jurisdiction, and if they did, the Magistrate stated that he would allow for any discovery extensions that the parties desired. However, unfortunately, the Plaintiffs keep refusing to agree to consent to Magistrate Judge jurisdiction. Their refusal to consent, particularly when coupled with their setting of the depositions right at the end of the discovery period thereby giving them no room to maneuver if deponents did not show up for depositions, requires the conclusion that the Plaintiffs cannot demonstrate the requisite "good cause" to amend the scheduling order, and the fact that they have waited until right at the time the discovery period has ended to seek to enlarge it is further evidence of their failure to satisfy their heavy burden. This requires the entry of a protective order on the depositions unilaterally set for November 17, 2008.

## MEMORANDUM OF LAW

**I. THE APPLICABLE LEGAL STANDARDS FOR DETERMINING WHETHER TO MODIFY THE SCHEDULING ORDER UNDER RULE 16(b).**

The Court set November 7, 2008 as the cut-off date for discovery. (*Order Setting Trial Date & Discovery Deadlines* at 2). By unilaterally setting deposition for November 17, 2008, outside the discovery period, the Plaintiff is seeking an extension of the discovery period. In order to encourage pretrial management, Federal Rule of Civil Procedure 16(b) requires that a pretrial scheduling order be issued establishing timetables by which the case should proceed. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007). Rule 16 specifically provides that the

2

pretrial scheduling order can be modified only upon a showing of good cause. *Id.*; *Olgyay v. Society for Environmental Graphic Design, Inc.*, 169 F.R.D. 219 (D. D.C. 1996) (holding that once the schedule proposed by the parties is memorialized in a scheduling order, the order may not be modified except by the court, and then only upon a showing of good cause); *Rice v. United States*, 164 F.R.D. 556 (D. Okla. 1995) (pretrial deadlines cannot be modified except upon a showing of good cause); (*Order Denying Defendants' Motion for Leave to Amend Answer*, Case No. 03-22442-CIV-UNGARO) (holding same). Because the Plaintiffs desire to change this Court's Scheduling Order, the Plaintiffs must demonstrate that good cause exists for the enlargement of discovery.

This good cause standard for modifying pretrial scheduling orders requires that the party seeking the modification has acted with due diligence, but still could not have reasonably met the scheduled deadlines. *Sosa*, 133 F.3d at 1418. Carelessness is not compatible with a finding of due diligence, and offers no reason for grant of relief. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D. S.C. 1997). The Plaintiffs cannot possibly show good cause or due diligence in this case, because they scheduled depositions for the very end of the discovery period, and then waited until right at the end of the discovery to set depositions unilaterally outside the discovery period, and to seek to extend the discovery period, other than to state that now the deponents no longer work for the Defendants, and they did not show up for their depositions. (*Defendants' Motion*, *passim*). This could have been rectified had the Plaintiffs not waited until the even of the discovery period's closure to set and schedule these depositions. Moreover, the Plaintiffs could have agreed to use the Magistrate Judge but did not, but seek an extension, even though the Magistrate Judge plainly stated that there were not going to be any such extensions (at least that is undersigned counsel's memory of what was stated).

There is no reason for the Defendants to have waited so long. It is well settled that lawyers who procrastinate do so at their own peril. *Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996) (stating that lawyers should adhere to the proverb, "sooner begun, sooner done"; and that "parties [who] wait until the last minute to comply with a deadline, . . . are playing with fire"); *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994) (stating that "[u]nlike the Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence [on their rights] . . . does so at his peril"); *Young v. Young*, 91 F.3d 1367, 1377 (10th Cir. 1996) (upholding the striking on an untimely reply brief); *Willis v. Estrada*, 1995 WL 398873, *4 (N.D. Ill. 1995) (holding same).

Further, the Local Rules strongly suggest that the discovery period should not be extended in this situation, as they state as follows:

> (2) *Extension of Time for Discovery Completion.* Occasionally, the Court will allow additional discovery upon motion, but counsel should not rely on obtaining an extension. When allowed, an extension is normally made only upon written motion showing good cause for the extension of discovery (including due diligence in the pursuit of discovery prior to completion date) and specifying the additional discovery needed and its purposes. Motions for extension of discovery time are treated with special disfavor if filed after the discovery completion date . . . .

S.D. Fla. L.R. § I.E(2). Plaintiffs' Motion to Enlarge Discovery and their unilateral deposition notices contain none of the required elements (showing of due diligence, explanation of discovery taken within the period, and specific description of need for additional discovery) contained in the Local Rules. The courts in the Southern District of Florida typically deny motions that do not comply with the Local Rules. *See, e.g.*, *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008); *Dyett v. North Broward Hosp. Dist.*, 2004 WL 5320628, *1 (S.D. Fla. 2004) (denying motion for attorneys fees for violating Local Rule 7.3.).

Moreover, and unfortunately, the Plaintiffs have unilaterally set the depositions outside the discovery period. The depositions should be ordered not to proceed, because Plaintiffs'

counsel set them unilaterally. It goes without saying that the unilateral setting of depositions is prohibited. The Local Rules require that counsel be courteous to each other, as follows:

> **A.     Courtesy and Cooperation Among Counsel.**
>
> (1)   *Courtesy.* Discovery in this District is normally practiced with a spirit of cooperation ad civility. Local lawyers and the Court are proud of the courteous practice that has been traditional in the Southern District. Courtesy suggests that a telephone call is appropriate before taking action that might be avoided by agreement of counsel.
>
> (2)   *Scheduling.* A lawyer shall normally attempt to accommodate the calendars of opposing lawyers in scheduling discovery.

S.D. Fla. L.R. Gen. App. A. § I(A)(1). The unilateral setting of these depositions is improper, and the Court should disallow them.

The Defendants spent 0.5 of hour filing this Motion, and thus seek $300.00 in attorneys fees as a sanction for the unilateral setting of depositions outside the discovery period under the circumstances.

## CONCLUSION

For the foregoing reasons, the instant Motion should be granted.

## CERTIFICATE OF CONFERRAL

The Defendants conferred with Plaintiffs' counsel before the filing of this Motion, and the Plaintiffs object to the relief sought herein.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (J.H. Zidell, Esq., City National Bank Building, 300 71st Street, Suite #605, Miami Beach, Florida 33141) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

        Glasser, Boreth & Kleppin
        Attorneys for Plaintiff
        8751 W. Broward Blvd.
        Suite 105
        Plantation, FL 33324
        Tel.  (954) 424-1933
        Fax  (954) 474-7405
        E-mail:  Glabor@aol.com


        By___s/Chris Kleppin_____
            Chris Kleppin
            Fla. Bar No. 625485

C:/MyDocuments/PhoenixAutoSales/Pltf'sMforPRotectiveOrder11/10/08