UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21156-CIV-ALTONAGA/BROWN

HERNAN M. SAUCEDO, JOSE LUIS GARION,
IGNACIO MESA, and all others similarly situated
under 29 U.S.C. 216(B),

    Plaintiffs,
v.

PHOENIX AUTO SALES, INC., ROBERT NORRIS,
and LORI C. NORRIS,

    Defendants.
_____/

### DEFENDANTS' MOTION TO STAY

Defendants, Phoenix Auto Sales, Inc., Robert Norris, and Lori C. Norris ("Defendants"), through their undersigned attorneys, file this Motion to Stay, and state as follows:

### BACKGROUND

The Plaintiffs filed a Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) for alleged overtime violations, and claim for minimum wage under Florida's Constitution. The Complaint sets forth substantive counts pursuant to § 207 of the Fair Labor Standards Act ("FLSA") against the Defendants, and also the claim under the Florida Constitution. Plaintiffs seek back wages, liquidated damages, prejudgment interest, attorneys' fees, and litigation expenses. (*See generally, Complaint*). This granted summary as to all claims against all Plaintiffs, except the federal minimum wage claims of Plaintiffs Mesa and Garion. Plaintiff Mesa currently resides in Colombia. Their claims for approximately nine (9) weeks of minimum wage encompass a few hundred dollars. Plaintiffs' counsel has indicated that Plaintiff Mesa is going to fly here from Colombia to attend trial (it is not clear what would motivate him

to spend travel costs to do that, when his travel costs exceed the amount of any potential recovery).  Additionally, there are numerous events that are ordered to take place in this case in the near future as set forth in the Court's recent Order on Trial Instructions.  Complying with that Order will require the expenditure of significant costs and fees, as will the trial of this case.  Those costs far exceed the few hundred dollars that are at stake.

Recently, numerous courts have granted summary judgment on the issue of the failure of plaintiffs to prove that two or more employees of the defendant were engaged in interstate commerce, or had two or more employees who had handled goods or materials that had moved in interstate commerce.  The most recent such ruling was from Judge Zloch on Thursday, January 29, 2009, in *Vallecillo v. Wall to Wall Residence Repairs, Inc.*, -- F. Supp. 2d --, 2009 WL 230080, Case No. 08-22271-CIV-ZLOCH (S.D. Fla., Jan. 30, 2009).

The Eleventh Circuit recently affirmed Judge Huck's ruling on this issue, *Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 5250274 (11th Cir., Dec. 18, 2008), *aff'g Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 2008 WL 1777392 * 5-6 (S.D. Fla., Apr. 17, 2008).  Unfortunately, the Eleventh Circuit's opinion was a "non-published" opinion, and thus did not definitively resolve this issue.  However, the case *Lamonica v. Safe Hurricane Shutters, Inc.*, 578 F. Supp. 2d 1363 (S.D. Fla. 2008) is fully briefed, and the cases of *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp. 2d 1312 (S.D. Fla. 2008); *Polycarpe v. E & S Landscaping, Inc.*, 572 F. Supp. 2d 1318 (S.D. Fla. 2008) are partially briefed, and will be fully briefed soon.  The Department of Labor has filed an *amicus curiae* brief in *Bien-Aime/Polycarpe*.  Accordingly, it appears that soon we will have the definitive Eleventh Circuit ruling on this issue.  Accordingly, pursuant to Rule 1 and the Court's inherent authority, Defendants seeks a stay of this case.

## **MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 1, the Federal Rules "shall be construed to secure the just, speedy and inexpensive determination of every action." To this end, district courts must take an active role in managing the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (district courts must take an active role in the management of litigation, particularly discovery issues). As explained by the *Chudasama* court, the purposes behind the court's management role are the avoidance of unnecessary discovery costs, preservation of judicial resources and deterrence of discovery abuses.

> Although mechanisms for effective discovery are essential to the fairness of our system of litigation . . . they also carry significant costs. . . . Discovery imposes several costs on the litigant from whom discovery is sought….The party seeking discovery also bears costs . . . . Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.
>
> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scare judicial resources, and damage the integrity and the public's perception of the federal judicial system.
>
> In sum, as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim.

*Id.* at 1367-68 (footnotes omitted; citations omitted; emphasis added). *See also Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1381 n. 15 (11th Cir. 1998) (noting district court's entry of a

3

discovery stay order pending disposition of pending motions); *Crayton v. Callahan*, 120 F.3d 1217, 1218 (11th Cir. 1997) (same); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (district court did not abuse its discretion in staying discovery pending defendant's motion to dismiss or for summary judgment); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (court possess broad discretion to stay discovery pending a decision on dispositive motions, though an abuse of discretion will be found when the staying of general discovery denies a party information relating to the dispositive motion); *Allstate Life Ins. Co. v. The Estate of Miller*, 2004 WL 141698, *1 (S.D. Fla. 2004) (same); *Hovermale v. School Bd. of Hillsborough County Florida*, 128 F.R.D. 287, 288-289 (M.D. Fla. 1989) (a stay of discovery may be proper if the discovery sought does not hinder the ability of a party to defend against the dispositive motion).

*Chudasama* is consistent with decisions of other circuits initially limiting discovery to dispositive or threshold issues. *See e.g. Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir. 1976) (by limiting discovery, trial court avoided "putting the parties to the expense of conducting broad discovery on al issues raised in the complaint" while what would be potentially dispositive motion was pending). As the Fifth Circuit stated in *Corwin v. Marney, Orton Invs.,* 834 F.2d 194, 200 (5th Cir. 1988), "[i]t would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach trial because of the expiration of a limitations period."[1] Here, while the dispute is not discovery, but trial, which is sure to cost

---

[1] *See also Ingram Corp. v. J. Ray McDermott & Co., Inc,* 698 F.2d 1295, 1304 n. 13 (5th Cir. 1983) (noting that "[a] decision to prevent unnecessary discovery because the case could well be decided on the parties' motion is not, on its face, fundamentally unfair to a party desiring discovery"); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987)*; City of Springfield v. Washington Pub. Power Supply Sys.*, 752 F.2d 1423, 1427 (9th Cir. 1985); *Hilton v. W.T. Grant Co.*, 212 F. Supp. 126, 130 (W.D. Pa. 1962) ("if there is reason to believe. . . the action may be dismissed . . . it will be unreasonable to require [the defendant] to undergo the burden of answering interrogatories until its status as a defendant is determined"); *Waldman v. Carey,* 82 F.R.D. 469, 471 (E.D. Pa. 1979) (staying discovery pending disposition of motions to

considerable time and money, the same reasoning is applicable. The trial costs and fees will greatly exceed the few hundred dollars of minimum wage that is at stake. For this reason, this case should be stayed.

Plaintiff objects to the relief sought.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion should be denied.

## CERTIFICATE OF CONFERRAL

The Defendants have written Plaintiffs' counsel concerning the filing of this Motion and Defendants object to the relief sought.

---

dismiss)*; United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 1987 WL 18172, *4 (E.D. N.Y. 1987) (staying discovery pending decision on planned motion to dismiss).

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on February 4, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (J.H. Zidell, Esq., City National Bank Building, 300 71st Street, Suite #605, Miami Beach, Florida 33141) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            Glasser, Boreth & Kleppin
                                            Attorneys for Plaintiff
                                            8751 W. Broward Blvd.
                                            Suite 105
                                            Plantation, FL 33324
                                            Tel.  (954) 424-1933
                                            Fax  (954) 474-7405
                                            E-mail:  Glabor@aol.com


                                            By___s/Chris Kleppin_____
                                                Chris Kleppin
                                                Fla. Bar No. 625485

C:/MyDocuments/PhoenixAutoSales/DefMtoStay02/04/09